**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **JEROME L. LE-MON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **NO.  5:10-CV-205 (MTT)** |
| **VS.** | : | |
| | : | |
| **MICHAEL ROGERS,** | : | |
| | : | **Proceedings Under 42 U.S.C. §1983** |
| **Defendants.** | : | **Before the U.S. Magistrate Judge** |
| | : | |

**RECOMMENDATION**

Before the Court is a Motion to Dismiss filed by Defendant Michael Rogers alleging, among other things, that Plaintiff Jerome L. Le-Mon has failed to state a claim for which relief can be granted.    Doc. 16.   For the following reasons, it is **RECOMMENDED** that the Motion be **GRANTED**.

**FACTUAL AND PROCEDURAL BACKGROUND**

In this action, Plaintiff raises claims arising from Defendant Dr. Rogers "unethical, malicious and sadistic medical practices and treatments."  Doc. 1.  Specifically, Plaintiff maintains that, from March 7, 2007 through January 27, 2010, while confined at Washington State Prison, he received ineffective medical treatment for hemorrhoids.  More specifically, Plaintiff claims that, on January 27, 2010, in an attempt to obtain treatment, he went to see Defendant Dr. Rogers.  Id. at p.6. Without instructions or warning, Defendant Rogers examined him by inserting his index and forefingers into Plaintiff's anus and "rubbing hard against the inner tissues in a circular motion." Id. Then, after what seemed to be five minutes, Dr. Rogers withdrew and examined his fingers.  Id. Rogers then showed his fingers to a nurse, and, upon hearing confirmation that no blood was visible, told Plaintiff that he would be given Preparation H.  Id.  According to Plaintiff, when showing his

fingers to the nurse, Rogers twisted his lip and wore a spiteful expression. Id. This, Plaintiff believes, demonstrates that the allegedly forceful manner used by Dr. Rogers when conducting the examination was not medically necessary but was instead meant to punish him for showing dissatisfaction with prior treatments and for making repeated medical requests. Id.

As a result of Dr. Rogers' conduct, Plaintiff claims to have suffered anger, shock, embarrassment, and pain. Doc. 1 at p.7. In addition, he maintains that without surgery, he risks severe internal damage and physical disability. Id. Thus, Plaintiff initiated the instant lawsuit alleging the state law torts of assault, battery, and negligence, a veiled First Amendment claim of retaliation, and a violation of his rights under the Eighth and Fourteenth Amendments.

## DISCUSSION

### Deliberate Indifference to Plaintiff's Serious Medical Needs

Plaintiff's allegations are not sufficient to establish that Dr. Rogers was deliberately indifferent to his serious medical needs. To establish a constitutional violation relating to medical treatment, a prisoner must allege acts or omissions sufficiently harmful to evidence "deliberate indifference to a serious medical need." Estelle v. Gamble, 429 U.S. 97, 106 (1976). To show deliberate indifference, the prisoner must satisfy both an objective and a subjective component. Hill v. DeKalb Regional Youth Detention Center, 40 F.3d 1176, 1186 (11th Cir. 1994) ), *overruled in part on other grounds,* Hope v. Peltzer, 536 U.S. 730 at 739 (2002), (citing Wilson v. Seiter, 501 U.S. 294 (1991) (subjective component), Whitley v. Albers, 475 U.S. 312 (1986)(subjective component), and Rhodes v. Chapman, 452 U.S. 337 (1981)(objective component). With regard to the objective component, a prisoner must allege both an objectively serious medical need that, if left unattended, poses a substantial risk of serious harm, and also that the response by the prison official to that need was poor enough to constitute an unnecessary and wanton infliction of pain. Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000). With respect to the subjective component, a prisoner

must allege, and ultimately prove, three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence. McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir.1999). As these requirements make clear, in the context of a lawsuit brought pursuant to 42 U.S.C. §1983, "mere accidental inadequacy, negligence in diagnosis or treatment, [and] even medical malpractice" are not actionable. Taylor, 221 F.3d at 1258. Moreover, and equally important in the context of this case, a prisoner cannot establish a violation simply because he "may have desired different modes of treatment" than that which was provided to him. Hamm v. DeKalb County, 774 F.2d 1567, 1576 (11th Cir. 1985). Such course of treatment claims, by definition, involve the "exercise of professional judgment," Estelle, 429 U.S. at 105, and, as such, are not actionable.

In this case, Plaintiff's allegations indicate that he routinely received medical attention and treatment for his hemorrhoids. Also apparent from Plaintiff's allegations is his belief that the only appropriate treatment for his condition is surgery. Based on these observations, Plaintiff's claims consist of his disagreement with the mode or method of the treatments provided. As indicated above, claims premised upon disagreements over the course of treatment are not sufficient to establish deliberate indifference. Estelle, 429 U.S. at 105; Hamm, 774 F.2d at 1576; accord Westlake v. Lucas, 537 F.2d 857, 860 n. 5 (1st Cir. 1981) ("We distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment. Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.") (internal citations omitted). Because the Complaint shows that Plaintiff received medical attention and treatment for his hemorrhoids, and does not present a factual basis for finding that the treatment

-3-

he received amounted to conduct that was more than mere negligence, Plaintiff's allegations of deliberate indifference premised upon the course of his medical treatment fail to state a claim upon which relief can be granted.

### Plaintiff's Claim of Retaliation

Plaintiff's allegations in support of his claim of retaliation by Dr. Rogers are insufficient to state a claim. To establish a First Amendment claim of retaliation, Plaintiff must allege and prove that: (1) he engaged in constitutionally protected speech; (2) he suffered adverse action such that the official's allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and, (3) there is a causal relationship between the retaliatory action and the protected speech. Bennett v. Hendrix, 423 F.3d 1247, 1250, 1254 (11th Cir.2005). For purposes of this motion, the Court assumes that the Plaintiff's complaints about his medical treatment were constitutionally protected speech and that his unpleasant rectal examination was an "adverse action."

Nevertheless, the Complaint fails to present any facts to indicate a causal connection between his protected speech and Dr. Rogers' examination. In support of this claim, Plaintiff offers nothing more than a conclusory allegation based upon his subjective interpretation of Dr. Rogers' facial expressions at the time of the examination. Specifically, Plaintiff contends that Dr. Rogers' facial expressions demonstrate that the allegedly forceful manner used during the examination was intended as punishment for "showing dissatisfaction with prior prescriptions of medications and repeated medical requests." Doc. 1, p. 6, ¶ 14. Without more, Plaintiff's conclusory assertion is simply not sufficient to establish the causal relationship necessary to proceed on a claim of retaliation. Accordingly, Plaintiff's claims of retaliation must fail.

### State Law Tort Claims

Lastly, because Plaintiff has failed to state any viable federal claims, his state law claims of assault, battery, and negligence should also be dismissed. This Court derives its authority to decide Plaintiff's claims from 28 U.S.C. § 1331, which provides that district courts have original

-4-

jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal courts are given the additional power to exercise supplemental jurisdiction over state law claims which "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, § 1367(c)(3) states that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... the district court has dismissed all claims over which it has original jurisdiction...." Id. § 1367(c)(3).

Additionally, the Eleventh Circuit has explicitly advised that a district court is well within its discretion to dismiss state law claims once the basis for original federal court jurisdiction no longer exists:

> At this time, the case retains no independent basis for federal jurisdiction.... A proper resolution of the two state law causes of action will require a careful analysis of Alabama law-something the courts of Alabama are in the best position to undertake and, for reasons of federalism, should undertake.... We conclude that the district court should dismiss the state law claims so that Appellee may pursue them in state court.

Nolin v. Isbell, 207 F.3d 1253, 1258 (11th Cir.2000); see also Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 951 n. 26 (11th Cir.1997) ("After dismissing Panama's federal claims against the ... defendants, the district court correctly dismissed its remaining state law claims against these defendants."); Rice v. Branigar Org., Inc., 922 F.2d 788, 792 (11th Cir.1991) (recognizing that trial court's decision to exercise pendant jurisdiction over state law claims is discretionary).

Here, because Plaintiff's claims serving as the basis for original federal court jurisdiction must be dismissed, his potential state law claims should also be dismissed without prejudice so that he may, if he chooses, attempt to pursue them in state court.

Accordingly, **IT IS RECOMMENDED** that the Defendant's Motion to Dismiss be **GRANTED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections

to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 2nd day of September, 2011.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge